ELASTIC FABRICS OF PUERTO RICO, INC., c/o International Stretch Products, Inc., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Elastic Fabrics of Puerto Rico, Inc. v. Commissioner
Docket No. 31874-83.
United States Tax Court
T.C. Memo 1987-17; 1987 Tax Ct. Memo LEXIS 17; 52 T.C.M. (CCH) 1340; T.C.M. (RIA) 87017; January 8, 1987. Gabriel Kaszovitz, for the petitioner. Michael *20 Goldbas, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined deficiencies in petitioner's Federal income taxes for the fiscal year ended September 1, 1974, in the amount of $67,552.00 and for the fiscal year ended August 31, 1975 in the amount of $88,241.00. The issue for decision is whether petitioner is precluded by section 1504(b)(4)[1] from joining in its parent's previously filed consolidated return. The parties agree on all the facts, which we find accordingly, and this reference incorporates their stipulation and the attached exhibits. Petitioner's principal place of business was New York City at the time the petition was filed. Petitioner filed nonconsolidated corporate income tax returns for the years at issue with the Brookhaven, New York Internal Revenue Service Center. At all relevant times, petitioner, a wholly owned subsidiary of International Stretch Products, Inc. ("International"), manufactured elastic fabric *21 in Puerto Rico. For each three year period immediately preceeding the close of each of the taxable years at issue, petitioner derived more than 80 percent of its gross income [2] from sources within Puerto Rico, and more than 90 percent of its gross income from the active conduct of a trade of business within Puerto Rico. During the same period more than 95 percent of petitioner's gross income was derived from sources outside the United States, and all of petitioner's business was done in the Western Hemisphere. During the years at issue, petitioner factored [3] all of its accounts receivable which arose from sales of products in Puerto Rico to U.S. customers. It did not factor its receivables from sales to Puerto Rican customers. For fiscal year ended September 1, 1974, petitioner factored receivables totaling $1,253,709 out of $1,257,774 in total sales for that year. For fiscal year ended August 31, 1975, petitioner factored receivables totaling $882,758 out of $894,370 in total sales for that year. Petitioner thus factored 99.68 percent of its total sales for *22 its 1974 tax year and 98.70 percent for its 1975 tax year. Petitioner received all its factoring proceeds in the United States, and deposited them in its bank account in New York City. During the years in issue petitioner received gross income [4] as follows: Fiscal Year Ended
Source
Sept. 1, 1974
Sept. 1, 1975
Profits-factored accts.
$461,000
$341,010
Total received in U.S.:
[5] 461,000
[6] 341,010
Profits-nonfactored accts.
1,494
4,485
Interest
11,400
10,868
Net capital gain
250
0
Total received in Puerto Rico:
13,144
15,353
Total gross income:
474,144
356,363
Percentage received in U.S.
97.23%
95.69%
Percentage excludible under
sec. 931 [7]
2.77%
4.31%
*23 On its tax returns, petitioner excluded from gross income all the above revenue, claiming it all as income from sources outside the United States earned by a corporation meeting the requirements of section 931(a). On audit, respondent invoked section 931(b), and included in income all the gross profits from factored receivables determining that they were "received by [petitioner] within the United States, whether derived from sources within or without the United States." Section 931(b). Respondent determined that the profits from nonfactored receivables and other income, 2.77 percent of gross income for fiscal year ended 1974 and 4.31 percent for 1975, were excluded under section 931(a). Petitioner's parent, International, filed consolidated corporate income tax returns for the relevant years, which returns did not include petitioner as a member of the affiliated group.Petitioner did not join in these returns because it had claimed the benefits of section 931, thus placing it under section 1504(b)(4), [8] and outside the class of "includible corporations" eligible to join in a consolidated return as a member of an affiliated group. After respondent included in income petitioner's *24 gross profits from factored receivables, petitioner took the position that it was no longer outside the realm of includible corporations. Respondent contends otherwise. Petitioner seeks eligibility for includible corporation status on various grounds, each of which denies that the section 1504(b)(4) exclusion applies to petitioner. Petitioner contends it meets the requirements of both sections 931 and 921 (discussed further below). Although a section 931 corporation may not join in its parent's consolidated return, a section 921 corporation which is a member of an affiliated group must be included in a consolidated return if one is filed by such group. *25 Burke Concrete Accessories, Inc. v. Commissioner,56 T.C. 588, 598 (1971) (Court-reviewed). Therefore, the argument goes, because the intent behind both sections 921 and 931 is to remove operating disincentives to certain domestic corporations doing business offshore, petitioner should be able to choose whether to adopt section 921 or section 931 status for section 1504 purposes. Respondent argues that our holding in Burke Concrete -- that if a possessions corporation could derive no benefit from section 931, it properly may join in its parent's consolidated return -- compels us to hold here that if any benefit could be derived from section 931, the possessions corporation is precluded from joining its parent's consolidated return.Respondent argues further that not only could petitioner obtain benefits from section 931, but petitioner did obtain benefits (i.e., the 2.77 percent and 4.31 percent exclusions shown above), by filing returns claiming section 931 status. Thus, even if we do not agree with respondent's interpretation of Burke Concrete, he contends we nevertheless must find for him. [9] Respondent also argues that although petitioner *26 meets the requirements of section 921, it could not obtain the benefits of that section. Thus, petitioner should not be allowed to join in its parent's consolidated return on the strength of its status as a section 921 corporation. Essentially, respondent argues here that petitioner may not simultaneously enjoy the benefits of both sections 921 and 931. [10] Since petitioner obtains some benefits of section 931, respondent asserts it may not avail itself of the benefits of section 921. We hold for petitioner. [11]
*27 Section 1501 provides that an affiliated group of corporations may file a consolidated income tax return. An affiliated group is defined as one or more chains of includible corporations meeting certain stock ownership requirements. Section 1504(a). An includible corporation is any corporation except for certain enumerated corporations, among them "[c]orporations entitled to the benefits of section 931, by reason of receiving a large percentage of their income from sources within possessions of the United States." Section 1504(b)(4). During the years in issue, Puerto Rico was considered a "possession of the United States" for purposes of Section 931. See section 931(c); section 1.931-1(a)(1), Income Tax Regs.
To file a consolidated return, all members of the affiliated group must consent to the consolidated return regulations. See section 1.1502-75(a)(1), Income Tax Regs. This would seem to give each member of the group a veto power over *28 the decision whether or not to file a consolidated return. By virtue of the control its parent can exercise over corporate decisions, however, a corporation which is a member of an affiliated group must, as a practical matter, join in its parent's consolidated return. See sections 1501, 1502, 1504; sections 1.1502-75(a)(1), 1.1502-75(a)(2), 1.1502-75(e), 1.1501-75(g)(2), 1.1502-76(b)(1), Income Tax Regs.; Burke Concrete Accessories, Inc. v. Commissioner,supra at 598. Section 921[12] defined a Western HemisphereTrade Corporation (WHTC) as a corporation, all of whose business (other than incidental purchases) is done in the Western Hemisphere, 95 percent of whose gross income is from sources outside the United States and 90 percent of whose gross income is from the active conduct of a trade or business. A WHTC was entitled to a special deduction in computing taxable income. Section 922. In Burke Concrete Accessories, Inc. v. Commissioner,supra at 597-599, *29 we recognized the anomalous situation which occurs whenever a WHTC derives 80 percent of its income from sources within a United States possession. In such a case, as long as the corporation is a member of an affiliated group, it must join in its parent's consolidated return. If the same corporation is a section 931 possessions corporation, however, section 1504(b)(4) precludes it from joining in the parent's consolidated return. In Burke Concrete we commented on the anomaly with the following language: Respondent's position produces a curiously illogical result. Since a Western Hemisphere trade corporation is concededly an "includible corporation," if [the taxpayer] had operated in the Bahamas, it would clearly have been eligible to join in the return. But, because it operated in Puerto Rico and qualified under section 931, as well as 921, it would -- if respondent's position were accepted -- thereby lose its eligibility even though the percentages of gross income requirements for a Western Hemisphere trade corporation are larger (95 percent and 90 percent) than that for a section *30 931 corporation (80 percent and 50 percent). The fact is that, in most, if not all, cases a corporation which derives sufficient income from a possession of the United States, located in the Western Hemisphere, to satisfy section 921(1) will also derive sufficient income to satisfy section 931(a)(1). n15 To hold that, under such circumstances, such a corporation should not be included in a consolidated return is to discriminate against a possession corporation contrary to the intendment of Congress to grant domestic corporations tax advantages when they operated in a U.S. possession and to the clear mandate of Congress that Western Hemisphere trade corporations were to be included in a consolidated return. * * * [Burke Concrete Accessories, Inc. v. Commissioner,supra at 598-599. Fn. ref. omitted.] There may be a situation where such a corporation may not exclude all its income received from a possession of the United States because all or part of such income was received within the United States but its qualifications under the conditions of sec. 931(a) is unaffected. See sec. 931(b). [13]
*31 Our reasoning in Burke Concrete controls the outcome of this case. The Congressional intent we spoke of there fully supports our decision here. Section 931 was designed to provide domestic corporations receiving most of their income from U.S. possessions with relief from the "double taxation" which would place them at a "serious disadvantage." H. Rept. No. 350, 67th Cong., 1st Sess. 8 (1921), 1939-1 C.B. (Part 2) 168, 174; S. Rept. No. 275, 67th Cong., 1st Sess. 9 (1921), 1939-1 C.B. (Part 2) 181, 187. It is antithetical to this purpose to argue, as respondent does here, that a section 931 corporation may not join in a consolidated return, even where it qualifies under another section which accords it the right to join in a consolidated return. [14]
We agree with *32 respondent that petitioner cannot have his cake and eat it too. It cannot use the benefits of section 931 and simultaneously disavow its status as a section 931 corporation when section 1504(b) is applied. We do not infer this to be petitioner's intent, however. Rather, by petitioner's litigating position, we infer its willingness to forego any section 931 benefits respondent has allowed so it may join its parent's consolidated return. In any event, by joining the consolidated returns, petitioner waives any section 931 benefits to which it would otherwise be entitled. The fact that petitioner claimed the benefits of section 931 on a separate tax return is not fatal to its case. Much as a taxpayer amends his return after filing, petitioner here amends its return position by its present litigating position. Petitioner has chosen section 921 status here. As such, it may join its parent's consolidated return. [15]
*33 Decision will be entered for petitioner.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We use the term gross income here without regard to any amounts excludable from gross income under sec. 931↩.
3. Factoring is the sale of accounts receivable at a discounted price to an agent who has sold, on consignment, the merchandise to which the accounts relate. Black's Law Dictionary 532 (5th ed. 1979).↩
4. See n. 2, supra.↩
5. So stipulated. In its opening brief, petitioner uses the figure $458,430. We adopt the stipulated figure. ↩
6. So stipulated. In its opening brief, petitioner uses the figure $333,884. We adopt the stipulated figure. ↩
7. As in effect for the years at issue, sec. 931 provided, in pertinent part: (a) General Rule. -- In the case of citizens of the United States or domestic corporations, gross income means only gross income from sources within the United States if the conditions of both paragraph (1) and paragraph (2) are satisfied: (1) Three-year period. -- If 80 percent or more of the gross income of such citizen or domestic corporation (computed without the benefit of this section) for the 3-year period immediately preceding the close of the taxable year (or for such part of such period immediately preceding the close of such taxable year as may be applicable) was derived from sources within a possession of the United States; and (2) Trade or business. -- If -- (A) in the case of such corporation 50 percent or more of its gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States. This section shall not apply in the case of a corporation for a taxable year for which it is a DISC or in which it owns at any time stock in a DISC or former DISC (as defined in section 992(a)). (b) Amounts Received in United States. -- Notwithstanding subsection (a), there shall be included in gross income all amounts received by such citizens or corporations within the United States, whether derived from sources within or without the United States. Section 931 was amended in 1976 by Pub.L. 94-955 sec. 1051 (now codified at 26 U.S.C. sec. 936 (1982)↩). See generally n. 15, below.
8. Sec. 1504(b)(4) provides: (b) Definition of "Includible Corporation". -- As used in this chapter, the term "includible corporation" means any corporation except -- * * * (4) Corporations entitled to the benefits of section 931↩, by reason of receiving a large percentage of their income from sources within possessions of the United States.
9. We reserved these issues in Burke Concrete Accessories, Inc. v. Commissioner,56 T.C. at 600 n. 19: We do not reach the question whether, if an otherwise qualified affiliated corporation would obtain some "benefits" by utilizing sec. 931, but greater "benefits" by not doing so, such optional quality as sec. 931 may have carries over to sec. 1504(b)↩ so as to permit such a corporation to join in a consolidated return. [Citations omitted.] 10. Respondent relies on Rev. Rul. 63-224, 1963-2 C.B. 297↩, for this position. 11. Respondent has not questioned whether the consolidated returns are open under the statute of limitations so as to enable petitioner's income, deductions, etc., to be included therein.We deem it conceded, then, that if we conclude that petitioner is entitled to choose sec. 921 rather than sec. 931 status for sec. 1504(b)↩ purposes, it is entitled to join its parent's consolidated return.
12. Sec. 921↩ was repealed by sec. 1052(b) of The Tax Reform Act of 1976, Pub.L. 94-455, sec. 1052, 90 Stat. 1520, 1647.
13. We construe n. 15 merely to be descriptive of a situation in which the source and trade or business requirements of both secs. 921 and 931↩ are met, but the full benefits of the two sections are not available. We do not believe that the footnote stands as authority upon which to decide the problem before us.
14. Respondent built up an elaborate regulatory framework around section 1503(b)(1), which code section and regulations contemplate that a WHTC will join in its parent's consolidated return. See sec. 1503(b)(1); secs. 1.1502-1(a), 1.1502-4(c), 1.1502-11(a)(6), and 1.1502-25, Income Tax Regs.↩
15. We note that this case would not arise today. Now, petitioner must elect to be accorded the benefits of a possessions corporation. See secs. 936(a)(1) and 936(e), as currently in effect. Such an election is required before a corporation is deemed not to be an includible corporation under sec. 1504(b)(4). See sec. 1504(b)(4)↩, as currently in effect.